STEVEN KATZ (SBN 139078)
skatz@constangy.com
MATTHEW SCHOLL (SBN 301560)
mscholl@constangy.com
CONSTANGY, BROOKS, SMITH & PROPHETE, LLP
1800 Century Park East, 6th Floor
Los Angeles, CA  90067
Telephone:  310.909.7775
Facsimile:   424.276.7410

Attorneys for Defendant
IGNITE RESTAURANT GROUP, INC.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS TURRIZA; ROSENDO HERNANDEZ; and MANUEL LOPEZ, <br><br> Plaintiffs, <br><br> vs. <br><br> IGNITE RESTAURANT GROUP, INC., a California corporation doing business as JOE'S CRAB SHACK; and DOES 1-10, inclusive, <br><br> Defendant. | Case No. _____ <br><br> **DECLARATION OF STEVEN B. KATZ IN SUPPORT OF IGNITE RESTAURANT GROUP, INC.'S NOTICE OF REMOVAL** <br><br> (San Francisco Superior Court Case No.  CGC-16-553519) <br><br> Complaint Filed: August 5, 2016 |

I, Steven B. Katz, declare as follows:

1.      I am Senior Counsel at the law firm Constangy, Brooks, Smith & Prophete, LLP, attorneys of record for Defendant Ignite Restaurant Group, Inc. ("Ignite").  I am admitted to practice in the State of California and the United States District Court for the Northern District of California.  I have first-hand knowledge of the facts set forth herein.

2.      On or about August 5, 2016, Plaintiffs Carlos Turriza, Rosendo Hernandez, and Manuel Lopez ("Plaintiffs") commenced the this action against Ignite in the Superior Court of California, County of San Francisco, titled *Turriza, et al. v. Ignite Restaurant Group, Inc.*, Case No. CGC-16-553519.  Attached hereto as Exhibit A is a true and correct copy of the Summons and Complaint.

3.      Plaintiff served Ignite with notice of this action on September 1, 2016.   Attached hereto as Exhibit B is a true and correct copy of the executed Proof of Service regarding service of the Summons and Complaint.

4.      On September 30, 2016, Ignite filed an Answer to the Complaint.   Attached hereto as Exhibit C is a true and correct copy of Ignite's Answer to the Complaint.

5.      This Notice of Removal is being filed on October 3, 2016, within 30 days of the date the Summons and Complaint were served on Ignite.   It is therefore timely filed pursuant to 28 U.S.C. § 1446(b).

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct to the best of my knowledge and belief and that this declaration was executed this 3rd day of October, 2016 at Los Angeles, California.


s/Steven B. Katz
Steven B. Katz

-2-
DECLARATION OF STEVEN B. KATZ ISO IGNITE'S NOTICE OF REMOVAL

# EXHIBIT A



### SUPERIOR COURT OF CALIFORNIA
### COUNTY OF SAN FRANCISCO

# Document Scanning Lead Sheet

Aug-05-2016 12:37 pm

Case Number: CGC-16-553519

Filing Date: Aug-05-2016 12:33

Filed by:  MADONNA CARANTO

Image: 05502658

COMPLAINT

CARLOS TURRIZA ET AL VS. IGNITE RESTAURANT GROUP, INC., ET AL

001C05502658

**Instructions:**
Please place this sheet on top of the document to be scanned.

41.

**SUM-100**

## SUMMONS
### *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

IGNITE RESTAURANT GROUP, INC., a California corporation doing business as JOE'S CRAB SHACK; and DOES 1-10

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

CARLOS TURRIZA; ROSENDO HERNANDEZ; and MANUEL LOPEZ

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya una formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Superior Court of California, County of San Francisco, 400 McAllister Street, San Francisco, CA 94102 | CASE NUMBER:<br>*(Número del Caso):*<br>CGC-16-553519 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Ernesto Sanchez; Liberation Law Group, P.C.; 2760 Mission Street; San Francisco, CA; 94110; 415-695-1000

| DATE:<br>*(Fecha)* AUG -5 2016 | CLERK OF THE COURT<br>Clerk, by<br>*(Secretario)* | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*   MADONNA CARANTO

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
         ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
         ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)

         ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Arlo Garcia Uriarte, Esq., SBN 231764
Ernesto Sanchez, Esq., SBN 278006
LIBERATION LAW GROUP, P.C.
2760 Mission Street
San Francisco, CA 94110
Telephone: (415) 695-1000
Facsimile:  (415) 695-1006

Attorneys for PLAINTIFFS
**CARLOS TURRIZA, ROSENDO HERNANDEZ & MANUEL LOPEZ**

**F I L E D**
Superior Court of California
County of San Francisco

AUG −5 2016

CLERK OF THE COURT
BY: _____
Deputy Clerk

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SAN FRANCISCO

UNLIMITED JURISDICTION

| | |
|---|---|
| CARLOS TURRIZA; ROSENDO HERNANDEZ; and MANUEL LOPEZ, <br><br> Plaintiffs, <br><br> v. <br><br> IGNITE RESTAURANT GROUP, INC., a California corporation doing business as JOE'S CRAB SHACK; and DOES 1-10, inclusive, <br><br> Defendants. | Case No.:  **C G C − 1 6 − 5 5 3 5 1 9** <br><br> **COMPLAINT** <br><br> **(1) FAILURE TO PAY ALL WAGES** <br> **(2) FAILURE TO PERMIT REST PERIODS** <br> **(3) FAILURE TO PERMIT MEAL PERIODS** <br> **(4) FAILURE TO FURNISH ACCURATE WAGE STATEMENTS** <br> **(5) WAITING TIME PENALTIES** <br> **(6) DISCRIMINATION** <br> **(7) RETALIATION** <br> **(8) WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY** <br> **(9) VIOLATION OF CAL. BUSINESS AND PROFESSIONS CODE §§ 17200 ET. SEQ.** <br><br> JURY TRIAL DEMANDED |

COMPLAINT

1.Plaintiffs CARLOS TURRIZA ("TURRIZA"), ROSENDO HERNANDEZ

("HERNANDEZ"), and MANUEL LOPEZ ("LOPEZ") (hereinafter "PLAINTIFFS"),

are informed, believe, and hereby allege as follows:

## I.        INTRODUCTION & JURISDICTION

2.PLAINTIFFS bring this action against IGNITE RESTAURANT GROUP, INC.

(hereinafter "DEFENDANT") and DOES 1 – 10, inclusive (collectively,

"DEFENDANTS") for compensatory damages, statutory damages, punitive damages,

restitution, attorneys' fees and costs, prejudgment interest, and other appropriate and

just relief.

3.Jurisdiction is proper in this court because alleged damages exceed $25,000.00.

4.Venue is proper in this court because, at all relevant times, DEFENDANTS conducted

business and PLAINTIFFS were employed within the County of San Francisco.

## II.        PARTIES

5. LOPEZ and TURRIZA are individuals of Mexican national origin.

6.HERNANDEZ is an individual of Guatemalan national origin.

7.DEFENDANT is a California corporation doing business as JOE'S CRAB SHACK.

DEFENDANT'S place of business is 245 Jefferson Street, San Francisco, California.

8. DEFENDANTS are being sued as the employers of PLAINTIFFS covered by

California's Labor Code and IWC wage order No. 5.

9.DEFENDANTS exercised direct control over the wages, hours, and working conditions

of PLAINTIFFS.

10. The actions of DEFENDANTS' officers, supervisors, managers, agents, and other

employees of DEFENDANTS were ratified by DEFENDANTS.  At all relevant times,

the officers, supervisors, managers, agents, and other employees of DEFENDANTS

acted within the course and scope of their employment.

11. PLAINTIFFS are ignorant as to the true names and capacities of defendants sued herein

as "DOES 1 – 10 inclusive", and therefore sues these by such fictitious names and

-1-

COMPLAINT

1   capacities.  DEFENDANT, including each of these fictitiously named DOE Defendants,

2   owned, controlled, or managed the businesses for which PLAINTIFFS worked and/or

3   who directly or indirectly exercised operational control over the wages, hours, and

4   working conditions of PLAINTIFFS.  DEFENDANT, including DOES 1-10, held

5   ownership, officer, director and/or executive positions with the remaining Defendants,

6   and acted on behalf of the remaining Defendants, which included decision-making

7   responsibility for, and establishment of, illegal wage and hour practices, payroll

8   practices and policies for Defendants which have damaged PLAINTIFFS.  Therefore,

9   DEFENDANT and DOES 1 - 10, are "employers" as a matter of law and personally

10  liable on the causes of action alleged herein.  PLAINTIFFS will seek leave of the court

11  to amend this complaint to allege such names and capacities as soon as they are

12  ascertained.

### III.        STATEMENT OF FACTS

13  12. On or about 2008, LOPEZ was hired by DEFENDANTS as a cook.

14  13. On or about 2011, TURRIZA and HERNANDEZ were hired by DEFENDANTS as

15     cooks.

16  14. DEFENDANTS failed to pay PLAINTIFFS for all hours worked and at their proper

17     rates of pay.

18  15. DEFENDANTS failed to pay PLAINTIFFS for work performed during their last pay

19     period with DEFENDANTS.

20  16. DEFENDANTS failed to provide and authorize PLAINTIFFS to take all uninterrupted

21     ten (10) minute rest periods for every four (4) hours worked that PLAINTIFFS were

22     entitled to take.

23  17. DEFENDANTS failed to pay PLAINTIFFS one hour at PLAINTIFFS' regular hourly

24     rate of pay for each rest period that PLAINTIFFS were not provided nor allowed to

25     take.

-2-

18. DEFENDANTS failed to provide and authorize PLAINTIFFS to take all uninterrupted thirty (30) minute meal periods for every five (5) hours worked that PLAINTIFFS were entitled to take.

19. DEFENDANTS failed to pay PLAINTIFFS one hour at PLAINTIFFS' regular hourly rate of pay for each meal period that PLAINTIFFS were not provided nor allowed to take.

20. DEFENDANTS failed to issue accurate itemized wage statements pursuant to Cal. Labor Code § 226 to PLAINTIFFS.

21. During their employment, PLAINTIFFS were unlawfully discriminated against by DEFENDANTS on the basis of their race and national origin.

22. During their employment, DEFENDANTS retaliated against PLAINTIFFS for complaining about the discriminatory terms and conditions of their employment.

23. DEFENDANTS prohibited TURRIZA and HERNANDEZ from speaking Spanish in the workplace.

24. DEFENDANTS required PLAINTIFFS to perform unreasonable amounts of work compared to non-Latino employees. This included being required to work shifts while being short-staffed and covering for the non-performance of non-Latinos employees.

25. DEFENDANTS required PLAINTIFFS to work while being ill compared to non-Latino employees.

26. DEFENDANTS required PLAINTIFFS to perform work not required of non-Latino cooks. This included prep cooking and continuing work beyond their shift time in order to clean and wash dishes.

27. DEFENDANTS required PLAINTIFFS to assist non-Latino cooks complete their work orders but were not provided with the same assistance from non-Latino cooks.

28. DEFENDANTS did not allow PLAINTIFFS to leave early from work compared to non-Latino employees. As a result, PLAINTIFFS were required to work until the end of their shift and perform the work of non-Latino employees.

29. DEFENDANTS unfairly reprimanded PLAINTIFFS compared to non-Latino employees. DEFENDANTS reprimanded PLAINTIFFS regarding their work duties. PLAINTIFFS were singled out when there were problems with food orders.

30. DEFENDANTS did not provide PLAINTIFFS with all rest breaks that PLAINTIFFS were entitled to receive compared to non-Latino employees.

31. DEFENDANTS did not provide PLAINTIFFS with all meals breaks that PLAINTIFFS were entitled to receive compared to non-Latino employees.

32. DEFENDANTS prevented PLAINTIFFS from taking water breaks compared to non-Latino employees.

33. DEFENDANTS prevented PLAINTIFFS from using the restroom compared to non-Latino employees. DEFENDANTS also monitored PLAINTIFFS' restroom use.

34. DEFENDANTS made false accusations against PLAINTIFFS, including being accused of not performing their work duties.

35. PLAINTIFFS complained to DEFENDANTS about the discrimination and retaliation that they were being subjected to but nothing was done to remedy their complaints.

36. On or about November 11, 2014, DEFENDANTS terminated PLAINTIFFS' employment on the basis of their race and national origin and in retaliation for complaining about the discriminatory terms and conditions of their employment.

37. On or about November 11, 2014, PLAINTIFFS wanted to meet with their supervisor Jorge Sanchez ("Sanchez") to complain about the discriminatory terms and conditions of their employment. This includes complaining about being told not to speak Spanish in the workplace, being required to perform unreasonable amounts of work compared to non-Latino employees, and being required to perform work not required of non-Latino cooks. Sanchez refused to meet with PLAINTIFFS, rejected their complaints, started cursing at PLAINTIFFS, and fired PLAINTIFFS.

-4-

COMPLAINT

38. As a proximate result of DEFENDANTS' conduct, PLAINTIFFS have suffered harm, including lost earnings and other employment benefits, all to their damage in an amount to be established at trial.

39. As a further proximate result of DEFENDANTS' actions against PLAINTIFFS, PLAINTIFFS have been harmed in that PLAINTIFFS have suffered humiliation, mental anguish, and emotional and physical distress, and have been injured in mind and body as follows:  Anxiety, stress, insomnia, and other maladies.  As a result of such consequent harm, PLAINTIFFS have suffered such damages in an amount according to proof.

40. DEFENDANTS' conduct was oppressive, malicious, deliberate, willful, and with conscious disregard of the rights of PLAINTIFFS.

41. DEFENDANTS authorized or ratified the wrongful conduct of its managers, employees, agents, and DOE defendants for which the damages are sought.  As a result, PLAINTIFFS seek punitive damages against DEFENDANTS in order to deter them from such conduct in the future.

42. DEFENDANTS willfully failed to pay PLAINTIFFS in a timely manner the wages DEFENDANTS owed them at the end of their employment as required by Cal. Labor Code §§ 201 through 203.

43. On August 6, 2015, TURRIZA received a right to sue notice from the California Department of Fair Employment and Housing (hereinafter "DFEH").  A copy of this notice is appended hereto, marked "Exhibit A," and is incorporated by this reference as though fully set forth.

44. On August 6, 2015, LOPEZ received a right to sue notice from the California Department of Fair Employment and Housing (hereinafter "DFEH").  A copy of this notice is appended hereto, marked "Exhibit B," and is incorporated by this reference as though fully set forth.

45. On August 10, 2015, HERNANDEZ received a right to sue notice from the California Department of Fair Employment and Housing (hereinafter "DFEH").  A copy of this notice is appended hereto, marked "Exhibit C," and is incorporated by this reference as though fully set forth.

## IV.    CLAIMS FOR RELIEF

### FIRST CAUSE OF ACTION

By PLAINTIFFS Against DEFENDANTS

*(Failure To Pay All Wages)*

46. PLAINTIFFS reallege and incorporate by reference the allegations of paragraphs above.

47. Pursuant to the IWC Wage Order 5 and Cal. Labor Code §§ 201, 202, 204, 512 and 1194, DEFENDANTS were required to compensate PLAINTIFFS for all hours worked.

48. Pursuant to IWC Wage Order 5 and Cal. Labor Code § 1194(a), PLAINTIFFS request an award in the amount of unpaid wages owed to them by DEFENDANTS for the four years preceding the filing of this complaint, plus interest.

49. PLAINTIFFS request an award of reasonable attorneys' fees and costs pursuant to Cal. Labor Code §§ 218.5 and 1194(a).

### SECOND CAUSE OF ACTION

By PLAINTIFFS Against DEFENDANTS

*(Failure to Pay Compensation for Unauthorized, Missed & Improper Rest Periods)*

50. PLAINTIFFS reallege and incorporate by reference the allegations of paragraphs above.

51. Pursuant to Cal. Labor Code § 226.7(a) and IWC Wage Order 5, DEFENDANTS were required to authorize and permit employees such as PLAINTIFFS to take rest periods based upon the total hours worked, at a rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof, with no deduction from wages.

52. During the course of PLANTIFFS' employment, DEFENDANTS failed and refused to authorize and permit PLAINTIFFS to take 10-minute rest periods for every four hours

worked, or major fraction thereof, in violation of Cal. Labor Code § 226.7(a) and IWC Wage Order 5.

53. DEFENDANTS further violated IWC Wage Order 5 and Cal. Labor Code § 226.7(b) by failing to pay PLAINTIFFS one hour of pay at PLAINTIFFS' regular rate of pay for each work day rest periods were required but not provided.

54. PLAINTIFFS request relief as described below.

### THIRD CAUSE OF ACTION

By PLAINTIFFS Against DEFENDANTS

*(Failure to Pay Compensation for Unauthorized, Missed & Improper Meal Periods)*

55. PLAINTIFFS reallege and incorporate by reference the allegations of paragraphs above.

56. Pursuant to Cal. Labor Code § 226.7(a) and IWC Wage Order 5, DEFENDANTS were required to authorize and permit employees such as PLAINTIFFS to take meal periods of thirty (30) minutes per a work period of five (5) hours.

57. During the course of PLANTIFFS' employment, DEFENDANTS failed and refused to authorize and permit PLAINTIFFS to take all 30-minute meal periods after five (5) hours of work that PLAINTIFFS were entitled to take in violation of Cal. Labor Code § 226.7(a) and IWC Wage Order 5.

58. DEFENDANTS further violated IWC Wage Order 5 and Cal. Labor Code § 226.7(b) by failing to pay PLAINTIFFS one hour of pay at PLAINTIFFS' regular rate of pay for each work day meal periods were required but not provided.

59. PLAINTIFFS request relief as described below.

### FOURTH CAUSE OF ACTION

By PLAINTIFFS Against DEFENDANTS

*(Failure to Issue Accurate Wage Statements)*

60. PLAINTIFFS reallege and incorporate by reference the allegations of the paragraphs above.

-7-

61. At all times relevant herein, DEFENDANTS failed to issue accurate itemized wage statements that properly and accurately itemized the number of hours worked by PLAINTIFFS and the actual payment due to PLAINTIFFS in violation of Labor Code § 226(a) and IWC Wage Order 5.

62. DEFENDANTS knowingly and intentionally failed to comply with Labor Code § 226(a), IWC Wage Order 5, Section 7, causing damages to PLAINTIFFS.  These damages, including but not limited to costs expended calculating their true hours worked and the amount of employment taxes which were not properly paid to state and federal tax authorities, are difficult to estimate.  Therefore, PLAINTIFFS elect to recover liquidated damages of $50.00 for the initial pay period in which the violation occurred, and $100.00 for each violation in subsequent pay periods pursuant to Labor Code § 226(e), up to the statutory maximum amount of $4,000.00, plus reasonable attorneys' fees and costs.

### FIFTH CAUSE OF ACTION

By PLAINTIFFS Against DEFENDANTS

*(Waiting Time Penalties)*

63. PLAINTIFFS reallege and incorporate by reference the allegations of paragraphs above.

64. DEFENDANTS willfully failed to pay PLAINTIFFS the wages and premiums owed to them at the end of their employment in a timely manner as required by Cal. Labor Code §§ 201-203.

65. PLAINTIFFS requests an award of penalties pursuant to Cal. Labor Code § 203 in an amount equal to 30 days of their daily wages at the end of their employment.

### SIXTH CAUSE OF ACTION

By PLAINTIFFS Against DEFENDANTS

*(Discrimination)*

66. PLAINTIFFS reallege and incorporate by reference the allegations of paragraphs above.

-8-

67. DEFENDANTS are subject to suit under the California Fair Employment and Housing Act, *Government Code Section 12900 et seq.* (FEHA), in that DEFENDANTS regularly employ five or more persons.

68. DEFENDANTS' discriminatory actions against PLAINTIFFS, as alleged, constituted unlawful discrimination in employment on account of PLAINTIFFS' race and national origin in violation of Government Code Section 12940(a).

69. DEFENDANTS and its agents, directors, managers, supervisors, and employees knew or should have known its actions were unwanted and discriminatory because PLAINTIFFS complained about them to DEFENDANTS.

70. Despite DEFENDANTS' actual and constructive knowledge of the discriminatory acts against PLAINTIFFS and the knowledge of its directors, managers, supervisors, agents, and employees, DEFENDANTS failed to take reasonable, immediate, and appropriate corrective action to stop such discrimination from occurring in violation of Government Code Section 12940(k).

71. As a proximate result of DEFENDANTS' discriminatory actions against PLAINTIFFS, PLAINTIFFS have been harmed in that PLAINTIFFS suffered the loss of wages, salary, benefits, intangible loss of such employment-related opportunities such as experience in the positions held and sought by PLAINTIFFS, and additional amounts of money PLAINTIFFS would have received if PLAINTIFFS had been properly promoted, received proper wage increases, and increased hours of work.  As a result of such discrimination and consequent harm, PLAINTIFFS have suffered such damages in an amount according to proof.

72. As a further proximate result of DEFENDANTS' discriminatory actions against PLAINTIFFS, PLAINTIFFS have been harmed in that PLAINTIFFS have suffered humiliation, mental anguish, and emotional and physical distress, and have been injured in mind and body as follows:  Anxiety, stress, insomnia, and other maladies.  As a result

COMPLAINT

of such discrimination and consequent harm, PLAINTIFFS have suffered such damages in an amount according to proof.

73. DEFENDANTS' conduct was oppressive, malicious, deliberate, willful, and with conscious disregard of the rights of PLAINTIFFS.

74. DEFENDANTS authorized or ratified the wrongful conduct of its managers, employees, agents, and DOE defendants for which the damages are sought.  As a result, PLAINTIFFS seek punitive damages against DEFENDANTS in order to deter them from such conduct in the future.

75. On August 6, 2015, TURRIZA received a right to sue notice from the California Department of Fair Employment and Housing (hereinafter "DFEH").  A copy of this notice is appended hereto, marked "Exhibit A," and is incorporated by this reference as though fully set forth.

76. On August 6, 2015, LOPEZ received a right to sue notice from the California Department of Fair Employment and Housing (hereinafter "DFEH").  A copy of this notice is appended hereto, marked "Exhibit B," and is incorporated by this reference as though fully set forth.

77. On August 10, 2015, HERNANDEZ received a right to sue notice from the California Department of Fair Employment and Housing (hereinafter "DFEH").  A copy of this notice is appended hereto, marked "Exhibit C," and is incorporated by this reference as though fully set forth.

## SEVENTH CAUSE OF ACTION

By PLAINTIFFS Against DEFENDANTS

*(Retaliation)*

78. PLAINTIFFS reallege and incorporate by reference the allegations of paragraphs above.

79. DEFENDANTS are subject to suit under the California Fair Employment and Housing Act, *Government Code Section 12900 et seq.* (FEHA), in that DEFENDANTS regularly employ five or more persons.

-10-

COMPLAINT

80. DEFENDANTS' actions against PLAINTIFFS, as alleged, constituted unlawful retaliation in employment on account of PLAINTIFFS' opposition to DEFENDANTS' discriminatory practices in violation of Government Code Section 12940(h).

81. DEFENDANTS and its agents, directors, managers, supervisors, and employees knew or should have known its actions were unwanted and retaliatory because PLAINTIFFS complained about them to DEFENDANTS.

82. Despite DEFENDANTS' actual and constructive knowledge of the retaliatory acts against PLAINTIFFS and the knowledge of its directors, managers, supervisors, agents, and employees, DEFENDANTS failed to take reasonable, immediate, and appropriate corrective action to stop such retaliation from occurring.

83. As a proximate result of DEFENDANTS' discriminatory actions against PLAINTIFFS, PLAINTIFFS have been harmed in that PLAINTIFFS suffered the loss of wages, salary, benefits, intangible loss of such employment-related opportunities such as experience in the positions held and sought by PLAINTIFFS, and additional amounts of money PLAINTIFFS would have received if PLAINTIFFS had been properly promoted, received proper wage increases, and increased hours of work.  As a result of such retaliation and consequent harm, PLAINTIFFS have suffered such damages in an amount according to proof.

84. As a further proximate result of DEFENDANTS' retaliatory actions against PLAINTIFFS, PLAINTIFFS have been harmed in that PLAINTIFFS have suffered humiliation, mental anguish, and emotional and physical distress, and have been injured in mind and body as follows:  Anxiety, stress, insomnia, and other maladies.  As a result of such retaliation and consequent harm, PLAINTIFFS have suffered such damages in an amount according to proof.

85. DEFENDANTS' conduct was oppressive, malicious, deliberate, willful, and with conscious disregard of the rights of PLAINTIFFS.

86. DEFENDANTS authorized or ratified the wrongful conduct of its managers, employees, agents, and DOE defendants for which the damages are sought.  As a result, PLAINTIFFS seek punitive damages against DEFENDANTS in order to deter them from such conduct in the future.

87. On August 6, 2015, TURRIZA received a right to sue notice from the California Department of Fair Employment and Housing (hereinafter "DFEH").  A copy of this notice is appended hereto, marked "Exhibit A," and is incorporated by this reference as though fully set forth.

88. On August 6, 2015, LOPEZ received a right to sue notice from the California Department of Fair Employment and Housing (hereinafter "DFEH").  A copy of this notice is appended hereto, marked "Exhibit B," and is incorporated by this reference as though fully set forth.

89. On August 10, 2015, HERNANDEZ received a right to sue notice from the California Department of Fair Employment and Housing (hereinafter "DFEH").  A copy of this notice is appended hereto, marked "Exhibit C," and is incorporated by this reference as though fully set forth.

## EIGHTH CAUSE OF ACTION

By PLAINTIFFS Against DEFENDANTS

*(Wrongful Termination in Violation of Public Policy)*

90. PLAINTIFFS reallege and incorporate by reference the allegations of paragraphs above.

91. . The fundamental public policies that DEFENDANTS violated, or implicated, are: California Fair Employment and Housing Act, *Government Code Section 12900 et seq.* (FEHA).

92. As a proximate result of the conduct of PLAINTIFFS as described in the paragraphs above, and in violation of public policy as set forth in the paragraph above, DEFENDANTS terminated their employment.

COMPLAINT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

93. As a proximate result of DEFENDANTS' conduct, PLAINTIFFS have suffered harm, including lost earnings and other employment benefits, all to their damage in an amount to be established at trial.

94. PLAINTIFFS requests relief as described below.

### NINTH CAUSE OF ACTION

By PLAINTIFFS Against DEFENDANTS

*(Unfair Competition in Violation of Cal. Business and Professions Code §§ 17200 et. seq.)*

95. PLAINTIFFS reallege and incorporate by reference the allegations of paragraphs above.

96. California Business and Professions Code §§ 17200 et. seq. prohibits acts of unfair competition, which shall mean and include any "unlawful and unfair business practices."

97. The conduct of DEFENDANTS as alleged herein has been and continues to be unfair, unlawful, and deleterious to PLAINTIFFS, their co-workers and to the general public. PLAINTIFFS hereby seek to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure § 1021.5. PLAINTIFFS are "persons" within the meaning of Business and Professions Code § 17204, and therefore have standing to bring this suit for restitution.

98. The prompt and proper payment of wages is a fundamental public policy of the State of California.

99. It is also the public policy of the State to enforce minimum labor standards, to ensure that employees are not required or permitted to work under substandard and unlawful conditions, and to protect those employers who comply with the law from losing competitive advantage to other employers who fail to comply with labor standards and requirements.

100.    Through the conduct alleged herein, DEFENDANTS acted contrary to these public policies and have thus engaged in unlawful and/or unfair business practices in violation of Business and Professions Code §§ 17200 et. seq., depriving PLAINTIFFS, and other

employees working for DEFENDANTS, the rights, benefits, and privileges guaranteed to employees under California law.

101.    DEFENDANTS regularly and routinely violated the following statutes and regulations with respect to PLAINTIFFS and other employees of DEFENDANTS:

(a)   IWC Wage Order 5, as amended, and Labor Code §§ 201, 202, 204, 510, 558, and 1194 (failure to pay all wages);

(b)   IWC Wage Order 5, Labor Code §§ 226.7 (failure to provide rest periods);

(c)   IWC Wage Order 5, Labor Code §§ 226.7, 512 (failure to provide meal periods);

(d)   Labor Code § 226 (failing to provide accurate wage statements to employees at the time of payment); and

(e)   Cal. Gov. Code § 12900 et seq. (discrimination and retaliation).

102.    By engaging in these business practices, which are unfair and unlawful business practices within the meaning of Business and Professions Code §§ 17200 et. seq., DEFENDANTS harmed PLAINTIFFS, other similarly situated past and current employees working for DEFENDANTS, and the general public, and DEFENDANTS have gained an unfair competitive edge.

103.    Under Business and Professions Code § 17203, PLAINTIFFS are entitled to obtain restitution of these funds on behalf of themselves and other employees working for DEFENDANTS similarly affected by DEFENDANTS' unfair and/or unlawful business practices as set forth herein.

104.    Pursuant to Business and Professions Code § 17202, PLAINTIFFS are entitled to specific relief enforcing the penalty provisions of various Labor Code sections for themselves and for members of the general public in amounts to be proven at trial. Failure to enforce the penalties due would result in the unlawful enrichment of the DEFENDANTS and would promote unfair competition.

105.    PLAINTIFFS' success in this action will result in the enforcement of important rights affecting the public and will confer a significant benefit upon the general public. Private enforcement of the rights enumerated in this Complaint is necessary, as public agencies have only sought limited enforcement of those rights, if any.  The named PLAINTIFFS individually, and by and through counsel, are incurring a financial burden in pursuing this action on behalf of the general public.  PLAINTIFFS further seek to enjoin the above-referenced unlawful actions under the Labor Code and applicable IWC Wage Order.  Therefore, PLAINTIFFS seek an award of attorneys' fees and costs of suit pursuant to California Code of Civil Procedure § 1021.5 and other applicable laws.

## V. PRAYERS FOR RELIEF

WHEREFORE, PLAINTIFFS respectfully pray that this Court enter judgment in their favor and against DEFENDANTS, and each of them, as follows:

1. Compensatory, statutory, and consequential damages, including unpaid wages, lost wages, and back pay, according to proof;

2. Punitive damages according to proof;

3. Prejudgment interest pursuant to Cal. Labor Code § 218.6 accrued on all due and unpaid wages from the date that wages were due and payable, according to proof;

4. Attorneys' fees and costs made payable to the Liberation Law Group, P.C., pursuant to Cal. Civ. Proc. Code § 1021.5, Cal. Labor Code §§ 218.5, 226(e), 1194(a), Cal. Govt. Code § 12965(b), and other applicable laws;

5. Compensation of one hour at the regular rate of pay for each meal or rest period denied in violation of Labor Code § 226.7 and applicable Wage Order, according to proof;

6. Pursuant to Business & Professions Code § 17203, an award of restitution for the unjustly amounts earned or retained by DEFENDANTS by virtue of their engaging in unlawful conduct, according to proof; and

7. Such other and further relief as the Court deems just and proper.

DATED: August 5, 2016                          LIBERATION LAW GROUP, P.C.


                                               By: _____
                                                   Ernesto Sanchez
                                                   Attorneys for PLAINTIFFS

## VI. JURY DEMAND

PLAINTIFFS hereby demand a trial by jury.

DATED: August 5, 2016                          LIBERATION LAW GROUP, P.C.


                                               By: _____
                                                   Ernesto Sanchez
                                                   Attorneys for PLAINTIFFS

# Exhibit A

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                    GOVERNOR EDMUND G. BROWN JR.

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                                                    DIRECTOR KEVIN KISH

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
800-884-1684 I TDD 800-700-2320
www.dfeh.ca.gov I email: contact.center@dfeh.ca.gov

August 06, 2015

RE:  **Notice of Filing of Discrimination Complaint**
DFEH Matter Number: 626090-174732
Right to Sue: Turriza / Ignite Restaurant Group, Inc. Dba Joe`s Crab Shack

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the Department of
Fair Employment and Housing (DFEH) in accordance with Government Code section 12960.
This constitutes service of the complaint pursuant to Government Code section 12962. The
complainant has requested an authorization to file a lawsuit. This case is not being investigated
by DFEH and is being closed immediately. A copy of the Notice of Case Closure and Right to
Sue is enclosed for your records.

Please refer to the attached complaint for a list of all respondent(s) and their contact information.

**No response to DFEH is requested or required.**

Sincerely,

Department of Fair Employment and Housing

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                    GOVERNOR EDMUND G. BROWN JR.

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                      DIRECTOR KEVIN KISH

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
800-884-1684 I TDD 800-700-2320
www.dfeh.ca.gov I email: contact.center@dfeh.ca.gov

August 06, 2015

Carlos Turriza
Liberation Law Group, P.C., 2760 Mission Street
San Francisco California 94110

RE:  **Notice of Case Closure and Right to Sue**
DFEH Matter Number: 626090-174732
Right to Sue: Turriza / Ignite Restaurant Group, Inc. Dba Joe`s Crab Shack

Dear Carlos Turriza,

This letter informs you that the above-referenced complaint was filed with the Department of Fair Employment and Housing (DFEH) has been closed effective August 06, 2015 because an immediate Right to Sue notice was requested. DFEH will take no further action on the complaint.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must visit the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,

Department of Fair Employment and Housing

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GOVERNOR EDMUND G. BROWN JR.

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**

DIRECTOR KEVIN KISH

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
800-884-1684 I TDD 800-700-2320
www.dfeh.ca.gov I email: contact.center@dfeh.ca.gov

Enclosures

cc:

## COMPLAINT OF EMPLOYMENT DISCRIMINATION

### BEFORE THE STATE OF CALIFORNIA

### DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING
#### Under the California Fair Employment and Housing Act
#### (Gov. Code, § 12900 et seq.)

In the Matter of the Complaint of          DFEH No. 626090-174732
Carlos Turriza, Complainant.
Liberation Law Group, P.C., 2760 Mission Street
San Francisco California 94110

vs.

Ignite Restaurant Group, Inc. Dba Joe`s Crab
Shack, Respondent.
Corporation Service Company, 2710 Gateway
Oaks Dr., Suite 150N
Sacramento,  California 95833

Complainant alleges:

1. Respondent **Ignite Restaurant Group, Inc. Dba Joe`s Crab Shack** is a **Private Employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).  Complainant believes respondent is subject to the FEHA.

2. On or around **November 11, 2014**, complainant alleges that respondent took the following adverse actions against complainant: **Discrimination, Retaliation Denied a work environment free of discrimination and/or retaliation, Terminated,** .  Complainant believes respondent committed these actions because of their: **National Origin - including language use restrictions, Race** .

3. Complainant **Carlos Turriza** resides in the City of **San Francisco**, State of **California**.  If complaint includes co-respondents please see below.

Date Filed: August 06, 2015

DFEH 902-1

1

2      **Additional Complaint Details:**

3

4      Carlos Turriza (Complainant) was unlawfully discriminated against by Ignite Restaurant
Group, Inc., doing business as Joes Crab Shack (Respondent) on the basis of his race
and Mexican national origin.Complainant was retaliated against by Respondent for
complaining about the discriminatory terms and conditions of his employment.On or
about 2011, Complainant was hired by Respondent.  Complainant worked for
Respondent as a cook.Complainant was prevented from speaking his native language
which is Spanish.  Respondent assigned unreasonable amounts of work to
Complainant.Respondent required Complainant to perform work not required of cooks
who were not of Mexican national origin.  This included prep cooking and continuing to
work beyond his shift time in order to finish cleaning and dishwashing.Respondent
required Complainant to assist cooks of non-Mexican national origin and never required
cooks of non-Mexican national origin to assist Complainant.Complainant was required
by Respondent to assist cooks of non-Mexican national origin complete their work
orders but was never provided with the same assistance.Complainant was not allowed
to leave early from work by Respondent compared to employees of non-Mexican
national origin.Complainant was not provided with all meal breaks that he was entitled to take compared to employees of
non-Mexican national origin.Respondent did not provide Complainant with all rest
breaks that he was entitled to take compared to employees of non-Mexican national
origin.Respondent prevented Complainant from taking water breaks.Respondent made
false accusations against Complainant.Respondent prevented Complainant from using
the restroom.On or about November 11, 2014, Respondent terminated Complainants
employment on the basis of his race and national origin and in retaliation for
complaining about the discriminatory terms and conditions of his
employment.Respondent failed to take all reasonable steps necessary address
Complainants complaints and prevent the discrimination against Complainant from
occurring.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

-6-
*Complaint – DFEH No. 626090-174732*

Date Filed: August 06, 2015

1

## VERIFICATION

2

I, **Ernesto Sanchez**, am the Attorney for Complainant in the above-entitled complaint.    I have read the foregoing complaint and know the contents thereof.  The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe it to be true.

3

4

On August 06, 2015, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

5

6

**San Francisco, CA**
**Ernesto Sanchez**

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

*Complaint – DFEH No. 626090-174732*

Date Filed: August 06, 2015

DFEH 902-1

# Exhibit B

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GOVERNOR EDMUND G. BROWN JR.

# DEPARTMENT OF FAIR EMPLOYMENT & HOUSING

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
800-884-1684 I TDD 800-700-2320
www.dfeh.ca.gov I email: contact.center@dfeh.ca.gov

DIRECTOR KEVIN KISH

August 06, 2015

RE:  **Notice of Filing of Discrimination Complaint**
DFEH Matter Number: 626137-174741
Right to Sue: Lopez / Ignite Restaurant Group, Inc. Dba Joe`s Crab Shack

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the Department of Fair Employment and Housing (DFEH) in accordance with Government Code section 12960. This constitutes service of the complaint pursuant to Government Code section 12962. The complainant has requested an authorization to file a lawsuit. This case is not being investigated by DFEH and is being closed immediately. A copy of the Notice of Case Closure and Right to Sue is enclosed for your records.

Please refer to the attached complaint for a list of all respondent(s) and their contact information.

**No response to DFEH is requested or required.**

Sincerely,

Department of Fair Employment and Housing

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                                GOVERNOR EDMUND G. BROWN JR.

# DEPARTMENT OF FAIR EMPLOYMENT & HOUSING

DIRECTOR KEVIN KISH

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
800-884-1684 I TDD 800-700-2320
www.dfeh.ca.gov I email: contact.center@dfeh.ca.gov

August 06, 2015

Manuel Lopez
Liberation Law Group, P.C., 2760 Mission Street
San Francisco California 94110

RE:  **Notice of Case Closure and Right to Sue**
DFEH Matter Number: 626137-174741
Right to Sue: Lopez / Ignite Restaurant Group, Inc. Dba Joe`s Crab Shack

Dear Manuel Lopez,

This letter informs you that the above-referenced complaint was filed with the Department of Fair Employment and Housing (DFEH) has been closed effective August 06, 2015 because an immediate Right to Sue notice was requested. DFEH will take no further action on the complaint.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must visit the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,

Department of Fair Employment and Housing

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GOVERNOR EDMUND G. BROWN JR.

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**

DIRECTOR KEVIN KISH

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
800-884-1684 I TDD 800-700-2320
www.dfeh.ca.gov I email: contact.center@dfeh.ca.gov

Enclosures

cc:

# EXHIBIT B

| Attorney or Party without Attorney: | | For Court Use Only |
|---|---|---|
| ARLO GARCIA URIARTE ESQ., Bar #231764<br>LIBERATION LAW GROUP, P.C.<br>2760 MISSION STREET<br>SAN FRANCISCO, CA 94110<br>Telephone No: 415-695-1000      FAX No: 415-695-1006 | | **ELECTRONICALLY**<br>**FILED**<br>Superior Court of California,<br>County of San Francisco<br>**09/08/2016**<br>**Clerk of the Court**<br>BY:DAVID YUEN<br>**Deputy Clerk** |
| Attorney for: Plaintiff | Ref. No. or File No.: | |

| Insert name of Court, and Judicial District and Branch Court: |
|---|
| SAN FRANCISCO COUNTY SUPERIOR COURT |

| Plaintiff: CARLOS TURRIZA |
|---|
| Defendant: IGNITE RESTAURANT GROUP |

| **PROOF OF SERVICE**<br>**SUMMONS & COMPLAINT** | Hearing Date: | Time: | Dept/Div: | Case Number:<br>CGC-16-553519 |
|---|---|---|---|---|

*1. At the time of service I was at least 18 years of age and not a party to this action.*

2. I served copies of the SUMMONS & COMPLAINT; NOTICE TO PLAINTIFF; EXPEDITED JURY TRIAL INFORMATION SHEET; (BLANK) CASE MANAGEMENT STATEMENT; (BLANK) STIPULATION TO ADR; JUDICIAL MEDIATION PROGRAM; ADR PROGRAM INFORMATION PACKAGE

*3.* a. *Party served:*            IGNITE RESTAURANT GROUP, IC., A CALIFORNIA CORPORATION
                                           DOING BUSINESS AS JOE'S CRAB SHACK
    b. *Person served:*        BECKY DE GEORGE, AUTHORIZED TO ACCEPT SERVICE.

*4. Address where the party was served:*        CSC, LAWYERS INCORPORATING SERVICE
                                                2710 GATEWAY OAKS DRIVE
                                                SUITE 150 N
                                                SACRAMENTO, CA 95833

*5. I served the party:*
    a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive process for the party (1) on: Thu., Sep. 01, 2016 (2) at: 3:40PM

*6. The "Notice to the Person Served" (on the Summons) was completed as follows:*
    *on behalf of:* IGNITE RESTAURANT GROUP, IC., A CALIFORNIA CORPORATION DOING BUSINESS AS JOE'S CRAB SHACK
    Under CCP 416.10 (corporation)

*7. Person Who Served Papers:*                Recoverable Cost Per CCP 1033.5(a)(4)(B)
    a. JOSHUA SINGH                      d. *The Fee for Service was:*    $30.00



**2300 P Street**
**Sacramento, CA 95816**
**(916) 498-0808**
**FAX (916) 498-0817**

    e. I am: (3) registered California process server
        *(i)*   Independent Contractor
        *(ii)*   Registration No.:     2014-06
        *(iii)* County:             Sacramento
        *(iv)* Expiration Date:    Sun, Mar. 11, 2018

*8. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*

    *Date: Thu, Sep. 01, 2016*

| Judicial Council Form POS-010<br>Rule 2.150.(a)&(b) Rev January 1, 2007 | PROOF OF SERVICE<br>SUMMONS & COMPLAINT | (JOSHUA SINGH) | agu.293931 |
|---|---|---|---|

# EXHIBIT C

STEVEN B. KATZ (SBN 139078)
skatz@constangy.com
MATTHEW SCHOLL (SBN 301560)
mscholl@constangy.com
CONSTANGY, BROOKS, SMITH & PROPHETE LLP
1800 Century Park East, 6th Floor
Los Angeles, CA 90067
Telephone: 310-909-7775

Attorneys for Defendant,
IGNITE RESTAURANT GROUP, INC.

ELECTRONICALLY
**FILED**
*Superior Court of California,*
*County of San Francisco*

**09/30/2016**
**Clerk of the Court**
BY:DAVID YUEN
**Deputy Clerk**

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN FRANCISCO

| | |
|---|---|
| CARLOS TURRIZA; ROSENDO HERNANDEZ; and MANUEL LOPEZ,<br><br>                              Plaintiffs,<br><br>vs.<br><br>IGNITE RESTAURANT GROUP, INC., a California corporation doing business as JOE'S CRAB SHACK; and DOES 1-10, inclusive,<br><br>                              Defendants. | Case No. CGC-16-553519<br><br>[Assigned to Hon. John K. Stewart, Room 610]<br><br>**IGNITE RESTAURANT GROUP, INC.'S ANSWER TO PLAINTIFFS' COMPLAINT**<br><br>Complaint Filed:  August 5, 2016<br>Trial Date:  Not set |

Defendant Ignite Restaurant Group, Inc. ("Ignite") answers the Complaint ("Complaint") of Plaintiffs Carlos Turriza, Rosendo Hernandez, and Manuel Lopez ("Plaintiffs") as follows:

### GENERAL DENIAL

Pursuant to the provisions of Section 431.30(d) of the California Code of Civil Procedure, Ignite denies, generally and specifically, each and every allegation of the Complaint and further denies, generally and specifically, that Plaintiffs are entitled to damages or to any other relief whatsoever by any act or omission on the part of Ignite.

/ / /

/ / /

## SEPARATE DEFENSES

Ignite also pleads the following separate and affirmative defenses to the Complaint. In asserting these defenses, Ignite does not assume the burden of proof as to matters that, as a matter of law, are Plaintiffs' burden to prove.

Ignite does not presently know all of the facts and circumstances respecting Plaintiffs' claims. Ignite reserves the right to amend this Answer should it later discover facts demonstrating the existence of additional defenses.

## FIRST DEFENSE

(Failure to State a Cause of Action)

1.     Neither Plaintiffs' Complaint nor any purported cause of action therein alleged state facts sufficient to constitute claims upon which relief may be granted against Ignite.

## SECOND DEFENSE

(Statutes of Limitations)

2.     Plaintiffs' Complaint, and each claim contained therein, is barred by the applicable statute of limitations for each cause of action contained therein.

## THIRD DEFENSE

(Laches)

3.     Plaintiffs have delayed inexcusably and unreasonably the filing of this action causing substantial prejudice to Ignite and thus Plaintiffs' claims are barred by the equitable doctrine of laches.

## FOURTH DEFENSE

(Res Judicata)

4.     Plaintiffs' Complaint, and each case of action alleged therein, is barred by the doctrine of res judicata.

## FIFTH DEFENSE

(Estoppel and Waiver)

5.     Plaintiffs' Complaint, and each cause of action alleged therein, is barred by the doctrines of estoppel and waiver.

IGNITE RESTAURANT GROUP, INC.'S ANSWER TO PLAINTIFFS' COMPLAINT

1

## SIXTH DEFENSE

2

### (Unclean Hands)

3      6.      Plaintiffs' Complaint, and each cause of action alleged, therein, is barred by the

4   doctrine of unclean hands.

5

## SEVENTH DEFENSE

6

### (Not Willful)

7      7.      Plaintiffs are not entitled to any penalty award under Section 203 of the California

8   Labor Code since, at all time relevant and material herein, Ignite did not willfully fail to comply

9   with the compensation provisions of the California Labor Code.

10

## EIGHTH DEFENSE

11

### (Attorneys' Fees)

12      8.      The Complaint fails to allege facts sufficient to establish a claim for attorneys' fees.

13

## NINTH DEFENSE

14

### (Failure to Follow Employer Instructions)

15      9.      Plaintiffs may not recover any alleged damages to the extent that damages were

16   incurred due to Plaintiffs willful failure to follow their employer's directions.

17

## TENTH DEFENSE

18

### (Constitutionality)

19      10.      The penalties claimed by Plaintiffs in this case are excessive and, thus, violate the

20   state and federal Constitutions.

21

## ELVENTH DEFENSE

22

### (Failure to Exhaust Administrative Remedies)

23      11.      The Complaint, and each cause of action alleged therein, is barred because

24   Plaintiffs failed to exhaust their administrative remedies.

25   / / /

26   / / /

27   / / /

28   / / /

IGNITE RESTAURANT GROUP, INC.'S ANSWER TO PLAINTIFFS' COMPLAINT

1

## TWELFTH DEFENSE

2

(Ratification)

3       12.     Plaintiffs' Complaint, and each cause of action alleged therein, is barred on the

4   ground that Plaintiffs ratified Ignite's alleged actions.

5

## THIRTEENTH DEFENSE

6

(Failure to Mitigate)

7       13.     If Plaintiffs have suffered any damages as a result of the facts alleged in their

8   Complaint, which Ignite denies, Plaintiffs are not entitled to recover the amount of damages

9   alleged or any damages due to their failure to make reasonable efforts to mitigate or minimize the

10  damages incurred.

11

## FOURTEENTH DEFENSE

12

(No Basis for Unfair Business Practices)

13      14.     Ignite cannot be liable for any alleged violation of California Business and

14  Professions Code Section 17200 *et seq.*, because its actions were not unfair, fraudulent, nor likely

15  to mislead, and its actions, conduct, and dealings were lawful, as authorized by applicable state

16  and federal statutes, rules, and regulations, and such actions, conduct, and dealings were carried

17  out in good faith and for legitimate business purposes.

18

## FIFTEENTH DEFENSE

19

(Plaintiffs Lack Standing)

20      15.     Plaintiffs' Complaint, and each cause of action alleged therein, is barred because

21  Plaintiffs lack standing to sue.

22

## SIXTEENTH DEFENSE

23

(Legitimate Non-Discriminatory Decisions)

24      16.     Plaintiffs' Complaint, and each cause of action alleged therein, is barred because

25  all decisions with respect to Plaintiffs' employment were made by Ignite for legitimate, non-

26  discriminatory, non-pretextual reasons.

27  / / /

28  / / /

4

**SEVENTEENTH DEFENSE**

(Mixed Motive)

17.    Ignite did not commit the acts or omissions as alleged in Plaintiffs' Complaint, but assuming that it did, such acts or omissions would have been taken in any event for legitimate, non-discriminatory, non-pretextual reasons.

**EIGHTEENTH DEFENSE**

(No Intentional Discrimination, Malice, or Reckless Indifference)

18.    Plaintiffs cannot recover punitive damages as alleged in the Complaint, because Ignite has not engage with intentional discrimination, malice, or reckless indifference toward Plaintiffs.

**NINETEENTH DEFENSE**

(Good Faith)

19.    Plaintiffs cannot recover punitive damages as alleged in the Complaint because Ignite has made good faith efforts to prevent discrimination or retaliation in the workplace.

**TWENTIETH AFFIRMATIVE DEFENSE**

(Right to Raise Other Defenses)

20.    Ignite reserves the right to and does rely upon such other and further affirmative defenses as may become available during discovery in this action, and Ignite reserves the right to amend this Answer to assert any such defenses.

**RESERVATION OF RIGHTS**

Ignite hereby gives notice that it intends to rely upon such other and further affirmative defenses as may become available during discovery in this action and reserves the right to amend its Answer to assert any such defenses.

WHEREFORE, Ignite prays for judgment as follows:

1.    That Plaintiffs takes nothing by their Complaint herein;

2.    That the Complaint be dismissed;

3.    That judgment be entered in favor of Ignite;

4.    For attorneys' fees;

5.     For costs of suit incurred herein; and

6.     For such other and further relief as the Court may deem proper.

Dated:  September 30, 2016          **CONSTANGY, BROOKS, SMITH & PROPHETE, LLP**

By: _____

STEVEN B. KATZ
Attorneys for Defendant
IGNITE RESTAURANT GROUP, INC.

IGNITE RESTAURANT GROUP, INC.'S ANSWER TO PLAINTIFFS' COMPLAINT

**PROOF OF SERVICE**

*STATE OF CALIFORNIA, COUNTY OF LOS ANGELES*

I am over 18 years of age and not a party to the within entitled action.  I am employed at the law firm of CONSTANGY, BROOKS, SMITH & PROPHETE LLP, and my business address is 1800 Century Park East, 6th Floor, Los Angeles, California 90067.  On September 30, 2016, I served a true and correct copy of the following document:

**IGNITE RESTAURANT GROUP, INC.'S ANSWER TO PLAINTIFFS' COMPLAINT**

Arlo Garcia Uriarte, Esq.
Ernesto Sanchez, Esq.
LIBERATION LAW GROUP, P.C.
2760 Mission Street
San Francisco, California 94110
Tel: (415) 695-1000
Fax: (415) 695-1006

*Attorneys for Plaintiffs*

 X   **(BY MAIL)** The envelope was mailed with postage thereon fully prepaid.  I am "readily" familiar with the firm's practice of collection and processing correspondence for mailing.  It is deposited with the U.S. Postal Service on the same day in the ordinary course of business.  I am aware that on motion of a party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after date of deposit for mailing an affidavit.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on September 30, 2016, at Los Angeles, California.

Judy Gabor

IGNITE RESTAURANT GROUP, INC.'S ANSWER TO PLAINTIFFS' COMPLAINT